UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RUBEN RODRIGUEZ,

                            Plaintiff,

            v.                                                                9:25-CV-1606
                                                                                (BKS/MJK)

CORRECTIONS OFFICER YAGUSIC, et al.,

                            Defendants.

_____

APPEARANCES:

RUBEN RODRIGUEZ
Plaintiff, pro se
17-A-1999
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, NY 14716


BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

        Plaintiff Ruben Rodriguez commenced this action by filing a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By

Decision and Order entered on December 26, 2025, this Court granted plaintiff's IFP

Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

28 U.S.C. § 1915A(b), dismissed plaintiff's Section 1983 claims against defendant Taraska

1

and found that plaintiff's remaining Section 1983 claims survived sua sponte review and required a response.  Dkt. No. 4 ("December 2025 Order").

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 7 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and December 2025 Order

In his original complaint, plaintiff alleged that on August 4, 2023, he was assaulted in a cell exercise pen by defendants Corrections Officers Southworth, Hare, Lapage, E. Lamica, R. Lamica, J. Yagusic, Leroux, and White and called a racial slur during the assault by defendant White.  Compl. at 6-7.  In addition to the aforementioned officials, plaintiff named Corrections Sergeant Taraska as a defendant based on allegations that this official "threatened to kill" plaintiff after the use-of-force incident.  *Id*. at 8.

The complaint was construed to assert the following Section 1983 claims against the defendants: (1) Eighth Amendment excessive force and failure-to-intervene claims against each of the named defendants; and (2) a Fourteenth Amendment equal protection claim against defendant White.  *See* December 2025 Order at 5-6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's equal protection claim against defendant White and excessive force and failure-to-intervene claims against all defendants other than Taraska survived sua sponte review, and his Section 1983 claims against defendant Taraska were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id*. at 6-13.

### B.    Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review

of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed

at length in the December 2025 Order and will not be restated herein.  *See* December 2025

Order at 2-4.

Plaintiff's amended complaint is virtually identical to the original complaint, except that

the amended complaint does not name Corrections Sergeant Taraska as a defendant,

expressly alleges that the named defendants are sued in only their individual capacities,

expressly asserts a "failure-to-protect" claim in addition to an excessive force claim, and

references the Fourteenth Amendment in addition to the Eighth Amendment.  *Compare*

Compl. *with* Am. Compl.

The Court liberally construes the amended complaint to reassert Eighth Amendment

excessive force and failure-to-intervene claims against each of the defendants who currently

remain in this action, and a Fourteenth Amendment equal protection claim against defendant

White.[1]

In light of the December 2025 Order, and mindful of the requirement to liberally

construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191

(2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment claims against defendants

---

[1] In the context of Section 1983 claims brought by incarcerated individuals, failure-to-protect claims and failure-to-intervene claims both "require a showing that an official acted with 'deliberate indifference' to a 'substantial risk of serious harm' to an inmate or detainee." *Morrell v. Sampson*, No. 9:22-CV-713 (AMN/ML), 2024 WL 4278647, at \*6 n. 5 (N.D.N.Y. Sept. 24, 2024) (quoting *Sanchez v. Nassau Cnty*., 662 F. Supp. 3d 369, 405 n.35 (E.D.N.Y. Mar. 11, 2023)).  "However, a failure-to-intervene claim is more appropriate where defendant officers are alleged to have failed to protect a plaintiff from an ongoing attack, either by another officer or an inmate[,]" whereas "a failure-to-protect claim typically involves allegations that defendant officers had reason to know a plaintiff was at severe risk of serious harm (typically from other inmates), and yet, did nothing to prevent the future harm." *Id*. (citing *Bradshaw v. Fletcher*, 9:19-CV-0428 (BKS/TWD), 2023 WL 2863905, at \*11 (N.D.N.Y. Feb. 23, 2023)).

Southworth, Hare, Lapage, E. Lamica, R. Lamica, J. Yagusic, Leroux, and White and

Fourteenth Amendment equal protection claim against defendant White once again survive

sua sponte review.  In so ruling, the Court expresses no opinion as to whether plaintiff's

Section 1983 claim can withstand a properly filed dispositive motion.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 7) is accepted for filing and will

supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the following Section 1983 claims **SURVIVE** sua sponte review and

require a response: (1) plaintiff's Eighth Amendment excessive force and failure-to-intervene

claims against defendants Southworth, Hare, Lapage, E. Lamica, R. Lamica, J. Yagusic,

Leroux, and White; and (2) plaintiff's Fourteenth Amendment equal protection claim against

defendant White; and it is further

**ORDERED** that upon receipt from plaintiff of the documents required for service, the

Clerk shall issue summonses and forward them, along with eight copies of the amended

complaint, to the United States Marshal for service upon defendants Southworth, Hare,

Lapage, E. Lamica, R. Lamica, J. Yagusic, Leroux, and White.  The Clerk shall forward a

copy of the summons and amended complaint by electronic mail to the New York State

Attorney General's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the amended complaint

be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil

Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

February 19, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge